UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER J. POLITE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

A.O. REED & CO., LLC,

Defendant.

Case No.: 26-cv-4784-RSH-SBC

**ORDER ON JOINT MOTION TO DISMISS AND REMAND**

[ECF No. 7]

Before the Court is the Parties' joint motion to dismiss the putative class claims in this action and remand Plaintiff's individual claims to state court. ECF No. 7 at 1.

On June 30, 2026, plaintiff Christopher J. Polite filed the instant putative class action against defendant A.O. Reed & Co., LLC in the Superior Court of California, County of San Diego. ECF No. 1-2 at 3–37. Plaintiff alleges he worked for defendant as an hourly non-exempt welder from February to September 2025. *Id.* at ¶ 7.

In the instant suit, Plaintiff asserts various wage and hour claims under California law on behalf of himself and a proposed class consisting of:

> All persons who worked for any Defendant in California as an hourly, non exempt employee at any time during the period beginning four

> years before the filing of the initial complaint in this action and ending when notice of class certification to the Class is sent.

*Id.* at ¶¶ 23, 30–94.

On August 20, 2026, Defendant removed the action to this Court on the basis of federal question jurisdiction. ECF No. 1. Specifically, Defendant asserted that Plaintiff's claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because their resolution substantially depended on interpreting collective bargaining agreements governing the terms and conditions of his employment. *Id.* at 1, 8–15.

On October 6, 2026, the Parties filed the instant joint motion. ECF No. 7. The Parties represent that they have agreed to dismiss the putative class claims without prejudice and that, following remand to state court, Plaintiff will pursue his individual claims in arbitration pursuant to the applicable collective bargaining agreement. *Id.* at 2–3.

A case can be removed to federal court based on federal question jurisdiction where it raises a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331; 1441(a). After removal, a case may be remanded to state court based on (1) lack of subject matter jurisdiction or (2) a defect in removal. 28 U.S.C. § 1447(c); *see Casola v. Dexcom, Inc.*, 98 F.4th 947, 953 (9th Cir. 2024) ("[T]he two authorized grounds for remanding under § 1447(c) are: (1) lack of subject matter jurisdiction, or (2) 'nonjurisdictional defects' that are challenged within 30 days of removal.").

A district court may not remand a case without a recognized legal basis. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 (1988); *Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 351 (1976). Accordingly, multiple courts have held that "[s]ubject matter jurisdiction can neither be conferred nor destroyed by the parties' agreement or waiver." *Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir. 1994); *Zito v. Renal Treatment Centers W. Inc.*, No. 2:24-CV-00820-LK, 2025 WL 2598489, at *1 (W.D. Wash. Aug. 7, 2025) ("A court cannot grant parties' motion to remand by thoughtlessly rubber-stamping their proposed order, particularly if the removing parties maintain that the

Court had subject matter jurisdiction at the time of removal.") (internal quotation marks omitted); *Melton v. Universal Cable Holdings, Inc.*, No. C 19-07360 WHA, 2020 WL 3605381, at *2 (N.D. Cal. July 2, 2020) ("[L]itigants are not entitled to remand in an action properly removed."); *see also Kentlands Square, LLC v. Not Your Average Joe's Inc.,* No. CV DKC 22-3229, 2023 WL 1828167, at *1 (D. Md. Jan. 10, 2023) ("[A]n agreement to remand between the parties constitutes a ground not specified in the removal statute."); *Blake v. ACE Am. Ins. Co.*, No. CIVA 2:07-CV-00620, 2008 WL 687449, at *3 (S.D.W. Va. Mar. 11, 2008) (holding that the court "cannot remand a case simply because the parties have come to an understanding after removal").

Although the Court finds the requested dismissal of the putative class claims appropriate, the Parties have not established a legal basis for remand beyond their agreement. *See* ECF No. 7 at 2–4. Neither party argues in the joint motion that removal was improper or that the Court lacks subject matter jurisdiction. Nor do the Parties explain whether or how dismissal of the putative class claims would eliminate the asserted basis for federal question jurisdiction over Plaintiff's remaining individual claims.

The Court therefore **GRANTS** the Parties' request to dismiss the putative class claims without prejudice. Because the Parties identify no legal basis for remand beyond their agreement, however, the Court **DENIES** their request for remand without prejudice. Any renewed motion shall identify the legal basis for the requested remand and clarify whether the Parties contend that the Court lacks subject matter jurisdiction or instead seek remand based on their agreement notwithstanding the existence of such jurisdiction.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge