UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER J. POLITE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

A.O. REED & CO., LLC,

Defendant.

Case No.: 26-cv-4784-RSH-SBC

**ORDER ON JOINT MOTION TO SUBMIT INDIVIDUAL CLAIMS TO ARBITRATION AND STAY**

[ECF No. 11]

Before the Court is the Parties' "Joint Motion to Submit Individual Claims to Arbitration." ECF No. 11. For the reasons below, the Court **GRANTS** the motion and **STAYS** this action pending the completion of arbitration proceedings.

## I. BACKGROUND

On June 30, 2026, plaintiff Christopher J. Polite filed the instant putative class action against defendant A.O. Reed & Co., LLC in the Superior Court of California, County of San Diego. ECF No. 1-2 at 3–37. Defendant removed the action to this Court on August 20, 2026. ECF No. 1.

On October 6, 2026, the Parties jointly moved to dismiss the putative class claims without prejudice and remand Plaintiff's remaining individual claims to state court. ECF

No. 7. The Court granted the request for dismissal of the putative class claims, but denied remand because the Parties had not identified a legal basis for remand beyond their agreement. ECF No. 9 at 3.

On November 16, 2026, the Parties filed the instant motion. ECF No. 11. The Parties represent that Plaintiff has agreed to pursue his individual wage and hour claims in arbitration pursuant to the applicable provisions of the collective bargaining agreement governing his employment. *Id.* at 2–3. The Parties therefore jointly request that the Court stay this action pending the completion of arbitration proceedings. *Id.* at 3.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones,* 520 U.S. 681, 706 (1997) (stating that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket"). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character[.]" *Id.*

## III. ANALYSIS

In this case, the Court has dismissed the putative class claims and Plaintiff has agreed to arbitrate his remaining individual claims pursuant to the applicable collective bargaining agreement. ECF Nos. 9 at 3; 11 at 2–3. Under these circumstances, a stay will conserve judicial resources and avoid duplicative litigation while the Parties pursue arbitration. Because the Parties jointly request this relief and there is no indication a stay will unfairly prejudice either party, the Court finds a stay appropriate here. *See Dykstra v. Thermo Fisher Sci., Inc.*, No. 3:24-CV-02335-H-DEB, 2025 WL 1532879, at *2 (S.D. Cal. May 29, 2025) (granting joint motion to submit claims to arbitration and stay the case); *Bennett v. Barclays*

*Bank Delaware*, No. 320CV02263BENKSC, 2021 WL 424277, at *2 (S.D. Cal. Feb. 8, 2021) (same).

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** the joint motion as follows:

1. The Parties shall submit Plaintiff's individual claims to arbitration pursuant to the applicable provisions of their collective bargaining agreement.

2. This action is **STAYED** pending completion of these arbitration proceedings.

3. The Parties shall file a joint status report advising the Court of the status of the arbitration **120 days** from the date of this Order and every **120 days** thereafter while the stay remains in effect.

4. All dates and deadlines previously set in this action are **VACATED**.

5. Within **14 days** of the arbitration's conclusion, the Parties shall file a joint status report advising the Court of the outcome and identifying any further relief sought.

**IT IS SO ORDERED.**

Dated: November 17, 2026

Hon. Robert S. Huie
United States District Judge